NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE
                                                        SUPERIOR COURT DIVISION
GUILFORD COUNTY   2018 JUN 19 P 3:49     18 CVS 6025

GUILFORD CO., C.S.C.
BY _____

KIMBERLY R. SHEPARD,       )
                                          )
      Plaintiff,               )
                                          )        **COMPLAINT**
    v.                            )
                                          )
ELITE STREET CAPITAL, LLC,   )
                                          )
      Defendant.            )

Plaintiff, complaining of defendant, alleges and says:

1.      Plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.

2.      Defendant is an entity with its principal office and place of business in Houston, Texas, which has places of business and does business in the state of North Carolina, including in Greensboro, Guilford County, North Carolina.

3.      Defendant at all times material hereto, has had more than 15, and more than 500, employees in each of 20 or more calendar weeks in the current or in the preceding calendar year.

4.      Defendant employed plaintiff as a community manager for its apartment complex at 1 Aspen Drive, Greensboro, North Carolina beginning in December, 2016, when defendant took over the ownership of this apartment complex. Plaintiff had been working for defendant's predecessor/owner of the same apartment complex since the year 2000.

5.      Defendant discharged plaintiff as its community manager on November 10, 2017.

6.      Plaintiff is African-American.

7. Defendant's management personnel involved in decision making regarding plaintiff and the discharge of plaintiff, are all Caucasians.

8. Traditionally, plaintiff had received excellent job performance appraisals.

9. Plaintiff received many merit increases, the most recent one being in March, 2017.

10. Defendant's claimed reasons for discharge of plaintiff were false and pretextual. Plaintiff was faulted for not achieving occupancy goals, but there were reasons independent of her conduct that prevented this, including applicants being denied for credit reasons, price increases making defendant's units not competitive with comparable units at other communities.

11. Defendant claimed that plaintiff had excessive outstanding invoices, but there were comparable numbers of invoices outstanding in defendant's other apartment complexes, and in some instances, they were more invoices outstanding in these complexes.

12. Also additional possibly claimed reasons by defendant, were false and pretextual, including alleged failure of plaintiff to coach and train staff, failure of plaintiff to listen to staff, and job positions being opened and unfilled at the apartment complex.

13. The only criticism defendant made of plaintiff's conduct before dismissing her, was on October 13, 2017, less than one month before she was fired. The performance issues raised on October 13, 2017, all were false and pretextual.

14. Defendant failed and refused to follow its own progressive disciplinary guidelines in the manner and timing of its dismissal of plaintiff. Defendant ordinarily followed its own progressive disciplinary guidelines, when dealing with non-African American employees.

15. Other comparable non-African American employees including Crystal Jennings, who is Caucasian, had performance records similar to plaintiff's with defendant's claims of open and

unfilled staff positions, missed leasing goals, outstanding invoices, and issues relating to accuracy. Yet, these non-African American employees were not dismissed and were not disciplined.

16. A Caucasian person, Rebecca Kirkman, was hired by defendant to replace plaintiff.

17. Defendant's conduct described above consists of intentional acts of discrimination, motivated by plaintiff's race. This conduct by defendant violates 42 U.S.C. § 2000e-2(a).

18. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on November 16, 2017, complaining of the foregoing discrimination on the basis of race, as required by 42 U.S.C. § 2000e-5(b)(e).

19. Plaintiff was notified by the Equal Employment Opportunity Commission on May 23, 2018, of her right to file a suit against defendant within ninety (90) days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

20. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain, suffering, and mental anguish, inconvenience, and injury to reputation.

21. Because defendant engaged in the discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages.

22. Plaintiff's damages, compensatory and punitive, incurred and to be incurred, are in amount in excess of $25,000.00.

23. Plaintiff is suffering continuing and irreparable harm by being deprived of her position of employment with defendant; and plaintiff is entitled to an injunctive order of reinstatement or alternatively, front pay.

WHEREFORE, plaintiff prays that she have and recover her damages of defendant incurred

and to be incurred in an amount in excess of $25,000.00, that plaintiff's judgment bear such interest as is provided by law, that plaintiff be reinstated as an employee of defendant, or alternatively, recover front pay of defendant, that the costs of this action be taxed against defendant, that plaintiff recover her attorneys' fees and expenses of litigation of defendant pursuant to 42 U.S.C. § 1988, that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

*/s/ Norman B. Smith*

Attorney for Kimberly R. Shepard
Norman B. Smith
NC State Bar No. 4962
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net

4